# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) ) ) | |
| v. | ) ) | Crim. No. 1:69-cr-01895 (APM) |
| **JOSEPH E. MARSHALL, JR.,** | ) ) ) | |
| **Defendant.** | ) ) | |

## ORDER

Defendant Joseph E. Marshall, Jr.'s Motion for Compassionate Release Under Coronavirus Support Congressional Review Emergency Amendment Act of 2020, ECF No. 3, is hereby granted. For the reasons stated during the hearings held on November 9, 2020, and November 12, 2020, the court finds—due to Defendant's age, health conditions, and the risk posed by COVID-19 as a result of his age and health conditions—that Defendant has demonstrated "extraordinary and compelling reasons" that warrant a reduction in sentence pursuant to D.C. Code § 24.403.04(a)(3), and that the factors pursuant 18 U.S.C. § 3142(g) and 18 U.S.C. § 3553(a) likewise favor release, *see* D.C. Code § 24.403.04(a) (requiring consideration of the factors relevant to those federal statutes). The court orders as follows:

- Defendant's previously imposed sentence of 35 years to life is reduced to time served.
- This Order is stayed for up to 14 days, to permit verification of Defendant's residence and/or establishment of a release plan, to make appropriate travel arrangements, and to ensure Defendant's safe release (including any quarantine period, as necessary). Defendant shall be released as soon as a residence is verified, a release plan is

established, appropriate travel arrangements are made, and it is safe for Defendant to travel. There shall be no delay in ensuring travel arrangements are made.

- If more than 14 days are needed to make appropriate travel arrangements and ensure Defendant's safe release, the parties shall immediately notify the court and show cause why the stay should be extended.

- Within 72 hours of release from custody, Defendant shall contact the U.S. Probation Office for the District of Columbia.

- Under 18 U.S.C. § 3582(c)(1)(A), Defendant is ordered to serve a "special term" of supervised release of 10 years. Defendant shall abide by all of the general conditions of release, as directed by the U.S. Probation Office, including the collection of DNA. Defendant also shall cooperate with the U.S. Probation Office in registering as a sex offender, as required, under any applicable federal, state, or local laws.

- In addition, as a condition of his "special term," Defendant shall be monitored by a form of location monitoring technology at the discretion of the Probation Office for a period of six (6) months, and he must follow the rules and regulations of the location monitoring program. The costs and fees of the program are waived. Location monitoring technology at the discretion of the probation officer—including Radio Frequency (RF) Monitoring, GPS Monitoring (including hybrid GPS), or Voice Recognition—shall be used to monitor the following restriction on Defendant's movement in the community: Defendant is restricted to his residence at all times except for medical necessities and court appearances or other activities specifically approved by the court.

- In addition, the following special conditions shall apply due to Defendant's commission of a sex offense:
    - <u>Sex Offense Assessment</u> – Defendant shall participate in a sex offense-specific assessment. The costs of the assessment are waived.
    - <u>Sex Offense Treatment</u> – Defendant shall participate in a sex offense-specific treatment program and follow the rules and regulations of that program. The probation officer will supervise Defendant's participation in the program. The costs of the program are waived.
    - <u>Sex Offense Testing [Polygraph]</u> – Defendant shall submit to periodic polygraph testing at the discretion of the probation officer to ensure that he is in compliance with the requirements of his supervision and treatment program.
    - <u>Sex Offense Visual Testing</u> – Defendant shall participate in visual response testing as part of the required participation in a sex offense-specific assessment and/or treatment.
    - <u>Sexually Explicit Materials [Viewing – Treatment Related]</u> – Defendant shall not view or possess any "visual depiction" (as defined in 18 U.S.C. § 2256)—including any photograph, film, video, picture, or computer or computer-generated image or picture, whether made or produced by electronic, mechanical, or other means—of "sexually explicit conduct" (as defined in 18 U.S.C. § 2256), that would compromise his sex offense-specific treatment.
    - <u>Contact Restriction [Sex Offender]</u> – Defendant shall not have direct contact with any child he knows or reasonably should know to be under the age of 18, without the permission of the probation officer. If Defendant has any direct

contact with any child he knows or reasonably should know to be under the age of 18, without the permission of the probation officer, he must report this contact to the probation officer within 24 hours. Direct contact includes written communication, in-person communication, and physical contact. Direct contact does not include incidental contact during ordinary daily activities in public places. <u>The court will reconsider the need for this condition upon Defendant's release.</u>

- o The U.S. Probation Office for the District of Columbia shall notify the court within 14 days of Defendant's release so as to schedule a re-entry hearing.

Date: November 13, 2020

*Amit P. Mehta*
United States District Court Judge